Weldon, J.,
delivered the opinion of the court:
This case was heard on the above facts and the plea of the defendants, which is as follows, to wit:
“Now comes the Assistant Attorney-General, and, after leave of the court first had and obtained, for plea to the declaration filed herein says that the claimant ought not to have and maintain his aforesaid action, because at the time of the alleged depredation, to wit, in 1873, he was not a citizen of the United States, and the court is therefore without jurisdiction. And this the defendants are ready to verify.”
To this plea the claimant filed a replication to the effect that at the time of the alleged depredation the claimant was a citizen of the United States.
The finding is in substance that the claimant was born in Chihuahua, Mexico, in the year 1833; that his father was born at El Paso, Tex., and that at the time of the claimant’s birth was, with his family, living in Chihuahua, Mexico. Claimant with his parents, at about the age of 3 years, removed to Texas; since his removal he has continued to reside in Texas, and was an inhabitant of that State at the time of the alleged depredation.
Upon the foregoing state of facts the question arises: Was the claimant a citizen of the United States at the time of the alleged depredation within the meaning of the act of March 3, 1891 ? If he was a citizen within the meaning of that act, the plea should be overruled, and if not, it should be sustained.
The question of citizenship being jurisdictional, it must be disposed of before the consideration of the merits of the controversy. Being jurisdictional, the burden of showing that the claimant was a citizen at the time of the depredation is cast on him. Although the defendants have filed a special plea of a want of citizenship on the part of the claimant, that fact does not change the burden of proof to the defendants.
If the facts above stated were at length averred in the petition of the claimant, would a demurrer be sustained to the petition? It is one of the fundamental rules of pleading that the pleader must show by proper and apt averment a prima' facie case of a right of recovery.
To sustain the plea we are cited by the defendants to the case of Ooutzen v. The United States and the Apache Indians (33 O. Cls. R., 475). In that case the plaintiff was a native of *457 Germany and went to Texas in. July, 1845, shortly before the admission of Texas into the Union. He made a preliminary declaration to become a citizen of the United States in 1854, and no further evidence was offered as to his citizenship. The court decided that although he was a resident of the State before the admission of the State into the Union, which was December 29,1845, and had declared his intention to become'a citizen in July, 1854, he was not a citizen of the United States within the meaning of the act of March 3,1891, and dismissed his petition.
The constitution adopted by Texas preparatory to its admission into the Union provided: “All persons (Africans and the descendants of Africans and Indians excepted) who were residing in Texas .on the day of the declaration of indejiendence shall be considered citizens of the Republic.” The day of the declaration of independence was March 2, 1836.
If the claimant was an inhabitant on the 2d of March, 1836, of Texas, not belonging to the excepted classes, he would have been incorporated as a citizen into the body politic of the Republic of Texas. The finding does not show that he had removed to the Territory of Texas before the 2d day of March, 1836. That he removed to such Territory during that year may be inferred from the facts found, but that he removed before the 2d of March is not to be inferred or presumed. It is not shown upon what day of the year of 1833 he was born, and it is impossible from the indefinite statement of time for the court to determine .that he was an inhabitant of Texas before the declaration of independence.
If wé are compelled to resort to probabilities, we must conclude from the indefinite state of facts that the claimant became an inhabitant after the declaration of independence, and did not by the provisions of the constitution become a citizen of the Republic of Texas, and was not a citizen within the meaning of the constitution of Texas at the time it became a part of the American Union.
The claimant, having been born in a foreign state, must show that he was naturalized and thereby became a citizen of the United States; or that he derived civil and political rights through the citizenship of his father; or that he became a citizen by the acquisition of the territory of his birth by the United States. He has not shown any of the conditions upon which *458 by legal operation be might have become a citizen, and, having failed to do so, he is not entitled to maintain a suit under the act of March 3, 1891.
The plea of the defendants is sustained, and the petition, therefore, is dismissed.
Nott, Oh. J., was prevented by illness from taking part in the decision of this case.